

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
APR 29 2005
~~~~ CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 01-40096-01 |
| Plaintiff, | \* | |
| -vs- | \* | MEMORANDUM OPINION AND ORDER DENYING MOTION |
| JOSE ALBERTO RIVERA, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant, Jose Alberto Rivera, filed a Motion to Return Property Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. Doc.37. The government responded to the motion contending that the motion is not properly brought in federal court because the $300 Rivera seeks to have returned to him was never in federal custody. A short affidavit from Special Agent Steven Hummel with the United States Drug Enforcement Administration was submitted by the Government. Doc. 38. Pursuant to this Court's Order of April 6, 2005, the Supplemental Affidavit of Special Agent Steven Hummel has been submitted. Doc. 41. Attached to Agent Hummel's supplemental affidavit are copies of the evidence inventory list from the Sioux Falls Police Department regarding the items seized during the seizure of methamphetamine on December 6, 2001, from Defendant, Jose Alberto Rivera.

The Court finds the supplemental affidavit of Agent Hummel and the attached documents establish that the arrest of Rivera and seizure of his property resulted from a investigation initiated and controlled by the Sioux Falls Police Department. Rivera's $300 was not seized by Agent Hummel or any other federal agent. Agent Hummel took custody of a pound of methamphetamine, a Jennings pistol and paperwork and documents seized from Rivera. All other items were seized by the Sioux Falls Police Department. Defendant can apply to the Sioux Falls Police Department for the release of any personal property.

The Eighth Circuit has explained that what is now Rule 41(g) "provides a judicial procedure

by which any person, including those not accused of federal offenses, may seek to recover property that has been seized by <u>federal</u> agents." *United States v. Hall*, 269 F.3d 940, 941 (8th Cir. 2001) (emphasis added) (quoting Rule 41(e), which is currently Rule 41(g)); *see Ball v. United States*, 193 F.3d 998, 999 (8th Cir. 1999) (recognizing that the federal government is not accountable for state seized items that it never possessed or used as evidence) (citing *United States v. Huffhines*, 986 F.2d 306 (9th Cir. 1993)). Thus, this Court, pursuant to Fed.R.Crim.Pro. 41(g), cannot order the return of seized property that was never in the possession of the federal government. Accordingly,

    IT IS ORDERED that Defendant's Motion to Return Property Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure ( Doc.37) is denied.

Dated this 28th day of April, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY Jackie Meisenheimer
(SEAL)     DEPUTY

2